IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES BAKER, | : | CIVIL ACTION NO. 1:21-CV-2146 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| PA DOC, *et al.*, | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

This is a civil rights case in which plaintiff James Baker alleges that his civil rights were violated when the Pennsylvania Department of Corrections ("DOC") and three of its subdivision State Correctional Institutions failed to provide him medical care following an injury to his back.  We have screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A and conclude that it fails to state a claim upon which relief may be granted.  The complaint will be dismissed without prejudice.

I.    **Factual Background & Procedural History**

Baker initiated this case through the filing of a complaint in the United States District Court for the Eastern District of Pennsylvania on December 6, 2021.  The case was transferred to this district on December 22, 2021.

According to the allegations in his complaint, Baker suffered an injury to the "cartilage in [his] back" on an unspecified date while he was incarcerated in SCI-Fayette and the prison "did nothing for him."  (Doc. 1 at 4).  He was subsequently transferred to SCI-Greene, which "refused to do anything," and SCI-Mahanoy,

which performed "no further testing."  (Id.)  Baker names the three prisons and the

DOC as defendants and alleges that their failure to provide him adequate medical

care violated his civil rights.  (Id.)  For relief, he asks to have his back "repaired"

and seeks $93,800,800 in damages.  (Id. at 5).

## II.    **Legal Standard**

The Prison Litigation Reform Act authorizes a district court to review a

complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or

seeks redress against a governmental employee or entity.  See 28 U.S.C. §

1915(e)(2);[1] 28 U.S.C. § 1915A.[2]  The court is required to identify cognizable claims

---

[1] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may
have been paid, the court shall dismiss the case at any time if the court
determines that—
    **(A)** the allegation of poverty is untrue; or
    **(B)** the action or appeal—
        **(i)** is frivolous or malicious;
        **(ii)** fails to state a claim on which relief may be granted; or
        **(iii)** seeks monetary relief against a defendant who is
        immune from such relief.

[2] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or,
in any event, as soon as practicable after docketing, a complaint in a
civil action in which a prisoner seeks redress from a governmental
entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify
cognizable claims or dismiss the complaint, or any portion of the
complaint, if the complaint--
    **(1)** is frivolous, malicious, or fails to state a claim upon which
    relief may be granted; or
    **(2)** seeks monetary relief from a defendant who is immune from
    such relief.

and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

## III.    Discussion

Baker brings his constitutional claims under 42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  42 U.S.C. § 1983.  The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law."  Id. (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Section 1983 allows a plaintiff to bring suit only against a "person" who violates the plaintiff's constitutional rights while acting under color of state law.  42 U.S.C. § 1983.  Neither states nor state agencies are considered persons that are amenable to suit under § 1983.  Karns v. Shanahan, 879 F.3d 504, 519 (3d Cir. 2018); Estate of Lagano v. Bergen Cty. Prosecutor's Office, 769 F.3d 850, 854 (3d Cir. 2014). Based on this standard, the United States Court of Appeals for the Third Circuit has held that the DOC and its subdivisions are not persons amenable to suit under § 1983.  Curtis v. Everette, 489 F.2d 516, 521 (3d Cir. 1973); see also, e.g., Pettaway v.

3

SCI Albion, 487 F. App'x 766 (3d Cir. 2012) (nonprecedential).  We will accordingly dismiss the complaint because none of the defendants may be sued under § 1983.[3]

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile.  Phillips v. Allegheny Cty., 515 F.3d 224, 245 (3d Cir. 2008).  Amendment would be futile as to the four defendants named in Baker's complaint because they are not persons subject to suit under § 1983, but we will grant Baker leave to amend to name individual defendants who were allegedly responsible for the lack of medical care provided to him.  Such amendment would be futile to the extent Baker attempts to bring claims against individual defendants at SCI-Fayette and SCI-Greene, as those prisons are located within the Western District of Pennsylvania.  Plaintiff must pursue any claims arising from his stay at these two institutions in the Western District of Pennsylvania.

Thus, to survive outright dismissal, Baker's amended complaint must name individual defendants at SCI-Mahanoy who were allegedly responsible for the lack of medical care provided to him.  The amended complaint must allege the individual defendants' personal involvement in the alleged violation of Baker's civil

---

[3] In addition to naming the DOC and the three state correctional institutions as defendants, Baker's complaint mentions two individual actors: Sally Gouth, the medical director at SCI-Fayette, and Dr. Lion, a doctor at SCI-Greene.  Neither Gouth nor Lion is named as a defendant, and there are no allegations as to how they were personally involved in the alleged violations of Baker's civil rights.

rights at SCI-Mahanoy.  The claims against the individual defendants cannot be based solely on the fact that they hold supervisory roles at SCI-Mahanoy.

## IV.     Conclusion

We will dismiss the complaint under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.  We will grant Baker leave to file an amended complaint.  In the absence of a timely filed amended complaint, which meets the requirements set forth in this memorandum, this action will be dismissed.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     January 11, 2022